UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AUDREY R.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C20-5772-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1994,[1] has a high school education, and previously worked as a hostess. (AR 23.) Plaintiff applied for DIB and SSI on August 29, 2017. (AR 13.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

(*Id.*) On April 23, 2019, ALJ Gerald J. Hill held a hearing, taking testimony from Plaintiff, Plaintiff's mother, and a vocational expert. (AR 30-79.) On July 22, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 10-29.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since July 13, 2016, the amended alleged onset date. (AR 16.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's depression, bipolar disorder, anxiety disorder, post-traumatic stress disorder (PTSD), eating disorder, and attention deficit hyperactivity disorder (ADHD). (*Id.*) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (*Id.*)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing "a full range of work at all exertional levels" subject to the following nonexertional limitations: she "can understand, remember and carry out two step instructions and perform corresponding tasks consistent with general education development reasoning level 1, as provided

in the Dictionary of Occupational Titles"; "cannot perform service to the public as an essential part of a job and can tolerate no more than occasional brief interactions with the public" and "can tolerate occasional superficial interactions with coworkers, but cannot perform tandem or team work"; "can accept the aforementioned instructions from a supervisor"; "cannot perform fast paced production work (with the understanding that all jobs have some production requirements)"; "can tolerate few simple routine work place changes"; and "can work toward goals set by others but cannot independently plan work or goals." (AR 18.) With that assessment, and with the assistance of the VE, the ALJ found Plaintiff capable of performing jobs existing in significant numbers in the national economy, specifically, housekeeper, agricultural sorter, and coffee grinder. (AR 23 – 24.) The ALJ concluded Plaintiff was not disabled from July 13, 2016, through the date of the decision. (AR 24.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting the opinions of examining doctor Alysa Ruddell, Ph.D. and by failing to resolve an inconsistency between the vocational expert's testimony and the Dictionary of Occupational Titles. The Commissioner argues the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed.

<u>Medical Opinion Evidence</u>

Because Plaintiff applied for benefits after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id.* at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id.* at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id.* at (b)(2), (c)(3)-(5). *But see id.* at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single medical source provides multiple opinions or findings, the ALJ conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id.* at (b)(1).

---

[2] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review ... in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

### A. Alysa Ruddell, Ph.D.

Dr. Ruddell first examined Plaintiff on August 22, 2017, during which she conducted a clinical interview and performed a mental status examination. (AR 374 – 377.) Dr. Ruddell assessed Plaintiff's marked anxiety, marked depression, mild health problems, marked insomnia, and mild social impairments affected Plaintiff's ability to work. (AR 375.) Dr. Ruddell opined Plaintiff had moderate limitations learning new tasks, performing routine tasks without special supervision, making simple work-related decisions, being aware of normal hazards and taking appropriate precautions, asking simple questions or requesting assistance, communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and setting realistic goals and planning independently, and marked limitations adapting to changes in a routine work setting and completing a normal work day and work week without interruptions from psychologically-based symptoms. (AR 376.)

Dr. Ruddell also examined Plaintiff on July 10, 2018, during which she conducting another clinical interview and performed another mental status examination. (AR 468 – 471.) Dr. Ruddell assessed Plaintiff's marked anxiety, marked depression, mild health problems, moderate insomnia, and moderate social impairments affected Plaintiff's ability to work. (AR 469.) Dr. Ruddell opined Plaintiff had marked limitations adapting to changes in a routine work setting, completing a normal workday and work week without interruptions from psychologically-based symptoms, and setting realistic goals and planning independently, and moderate limitations understanding, remembering, and persisting in tasks by following detailed instructions, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, performing routine tasks without special supervision, making simple work-related decisions, being aware of normal hazards and taking appropriate precautions, asking simple

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

questions or requesting assistance, communicating and performing effectively in a work setting, and maintaining appropriate behavior in a work setting. (AR 470.)

The ALJ found Dr. Ruddell's opinions "generally persuasive." (AR 22.) The ALJ noted Dr. Ruddell "opined the claimant has mostly moderate limitations in terms of listed basic mental work activities; and marked limitation in terms of adapting to changes in a routine work setting, completing a normal workday/workweek, and/or setting realistic goals and planning independently." (*Id*.) The ALJ found "insofar the opinions indicate the claimant is limited to unskilled work with limited social interactions, but no more restricted than found in this decision, they are consistent with the longitudinal record[.]" (*Id*.) The ALJ also found Dr. Ruddell's "moderate to marked limitations respectively also are not necessarily work preclusive based on definitions on forms" and "Dr. Ruddell's overall finding of moderate impairment and Global Assessment of Functioning (GAF) 51-60 also support the residual functional capacity." (*Id*.)

Plaintiff argues although the ALJ found Dr. Ruddell's opinions were "generally persuasive," the RFC determination fails to account for all of Dr. Ruddell's assessed limitations.[3] In determining a claimant's residual functional capacity, the ALJ must consider the limitations and restrictions caused by the claimant's medically determinable impairments, including any related symptoms. *See* SSR 96-8p. "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* Here, the ALJ failed to provide valid reasons to discount all of the limitations assessed by Dr. Ruddell. At most, the

---

[3] Specifically, Plaintiff's marked limitations in completing a normal workday/workweek without interruptions from psychologically-based symptoms and moderate limitations in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerance without special supervision, performing routine tasks without special supervision, making simple work-related decisions, being aware of normal hazards and taking normal precautions, asking simple questions, learning new tasks, communicating and performing effectively in a work setting, and maintaining appropriate behavior in a work setting. Dkt. 16 at 6-7.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6

1  ALJ found the severity of the assessed limitations are not consistent with the longitudinal record, and that Plaintiff's "marked limitations are not necessarily work preclusive." (AR 22.) However, these vague and conclusory statements are insufficient and invalid grounds to reject the doctor's assessed limitations. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989); *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988).

The Commissioner argues the Court should affirm the ALJ's determination because "in formulating [Plaintiff's] residual functional capacity, the ALJ reviewed much more evidence than just Dr. Ruddell's opinion," averring the RFC is "reasonable" when "viewing Dr. Ruddell's opinion in light of the rest of the record." Dkt. 17 at 10. The Commssioner's argument fails to account for SSR 96-8p's clear mandate, the ALJ's failure to provide valid grounds to reject all of Dr. Ruddell's assessed limitations, and, as Plaintiff argues, is an improper post hoc rationalization. The Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases…")).

## **CONCLUSION**

Because the ALJ misevaluated the medical evidence and formulated an RFC that therefore did not account for all assessed limitations, the Court need not address Plaintiff's step five challenge at this juncture. The ALJ on remand should make step five findings following a reassessment of the evidence. For the foregoing reasons, this matter is REVERSED and

REMANDED for further administrative proceedings.

DATED this 26th day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge